**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:12-cv-2638

**STEPHANIE SPEIGHT**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**BANKRATE, INC**., a Delaware corporation,

    Defendant.

**COMPLAINT AND JURY DEMAND**

    Plaintiff Stephanie Speight, brings this class action complaint against Defendant Bankrate, Inc., to stop Defendant's practice of making unsolicited calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

    1.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

2. The Court has personal jurisdiction over Defendant because it maintains a corporate headquarters in this District and transacts significant amounts of business within this District.

3. Venue is proper in in this District as Defendant resides here, maintains a corporate headquarters here, and transacts significant business in in this District. Additionally, many of the operative facts giving rise to Plaintiff's complaint occurred in this District.

**PARTIES**

4. Plaintiff Stephanie Speight is a natural person and citizen of the State of Washington.

5. Defendant Bankrate, Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business located at 11760 U.S. Highway 1, Suite 200, North Palm Beach, Florida 33408. Defendant Bankrate operates nationally through a brand and/or division known as "Bankrate Insurance." By its own designation, Bankrate Insurance is "[h]eadquartered in Denver, Colorado" at 1860 Blake Street Suite 900, Denver, Colorado 80202.[1] As such, Defendant Bankrate resides in this District.

**GENERAL ALLEGATIONS**

6. Defendant Bankrate, through its division Bankrate Insurance, claims to be "[t]he web's most popular insurance shopping service," operating through several websites including netquote.com, insweb.com, and insureme.com. In an effort to generate new consumer leads, Defendant made, and continues to make, thousands of phone calls to consumers nationwide in violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.) (the "TCPA").

---

[1] *See* http://www.bankrateinsurance.com/careers/affiliate-manager.aspx ("Headquartered in Denver, Colorado, Bankrate Insurance is the leading online comparison shopping and lead generation solution for the insurance industry.")

7. Defendant made thousands of calls through the phone number (877) 484-0185.

8. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff Speight, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other entity for any purpose related to obtaining an insurance quote, and never provided Defendant consent to be called on their cellular telephones.

9. While making unsolicited calls to the cellular telephones of the putative Class is itself a violation of the TCPA, Defendant engaged in an even more egregious and aggravating method of telemarketing by utilizing a "predictive dialer" to make numerous calls simultaneously, but only connecting the first call answered. In practice, that means that the vast majority of consumers who received calls from (877) 484-0185 were greeted with nothing more than an empty phone line because the call had abruptly been hung up before the recipient could answer.

10. Because of the incredible nuisance caused by predictive dialers and their ability to occupy phone lines nationwide, stopping the widespread use of predictive dialers was one of the foremost motivations and underlying purposes behind passing and expanding the reach of the TCPA. By definition, the predictive dialer used by Defendant has the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers, including dialing more than one number at a time. As such, Defendant's predictive dialing equipment qualifies as an "automatic telephone dialing system" ("ATDS") under the TCPA.

11. While the call recipients were primarily greeted with nothing but a dead phone line, calling back (877) 484-0185 leads directly to an automated message stating: "Thank you

for calling Bankrate Insurance, your partner in finding affordable insurance options …To receive your free no obligation life or health insurance quote, please press 1." Following those directions connects the caller to a live employee of Defendant who will attempt to provide an insurance quote leading eventually to a sale.

12. As such, Defendant Bankrate owns and/or operates the phone number (877) 484-0185, or has a third party operate it on its behalf, and is responsible for all calls made from that phone number.

## FACTS RELATING TO PLAINTIFF SPEIGHT

13. Plaintiff received at least four phone calls from Defendant in or around August 2012 on her personal cellular telephone.

14. Specifically, Plaintiff received one call from (877) 484-0185 on August 10, 2012. When Plaintiff answered the call, Defendant disconnected the call and the line went dead.

15. Additionally, Plaintiff received three calls from (877) 484-0185 on August 14, 2012. When Plaintiff answered the calls, Defendant disconnected the calls and the line went dead.

16. Plaintiff never consented to, requested, or had any desire to receive phone calls from Defendant Bankrate, its agents or affiliates. During the time of and prior to Plaintiff receiving calls from Defendant, she was not searching for insurance and had not submitted her contact information to any entity for the purpose of receiving an insurance quote.

17. By making these phone calls, Defendant has caused Plaintiff and putative Class members actual harm in that Plaintiff and members of the Class were subjected to the aggravation and nuisance that necessarily accompanies unsolicited phone calls.  In addition,

Plaintiff and putative Class members suffered direct and indirect harm in the form of monies paid for the receipt of such calls from Defendant.

18. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide Class of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited calls to cell phones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone call activities and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

19. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a Class defined as follows:

> All persons in the United States who received one or more calls on their cellular telephones from phone number (877) 484-0185, and who never provided their prior express consent to receive such calls.

20. **Numerosity**: The exact number of the members of the Class is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

21. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, as Plaintiff and other members of the Class sustained damages arising out of the wrongful conduct of Defendant, based upon the same types of phone calls made to Plaintiff.

22. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiff.

23.     **Predominance and Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable.  The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant.  It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.  Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.  Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

24.     **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to the following:

        (a)     whether Defendant's conduct violated the TCPA;

        (b)     whether the equipment used by Defendant to make calls was an automatic telephone dialing system;

        (c)     whether the equipment used by Defendant to make calls is a predictive dialer;

  (d) whether Defendant systematically made phone calls to persons who did not previously provide Defendant with their prior express consent to receive such phone calls; and

  (e) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227;**
**(On Behalf of Plaintiff and the Class)**

25. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

26. Defendant made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiff and other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27. Specifically, Defendant utilized a predicative dialer to make phone calls to Plaintiff and members of the Class simultaneously and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial numbers at random, in sequential order, or from a database of numbers, and likewise has the capacity to dial multiple numbers at once. Defendant's equipment can accomplish these functions without human intervention.

28. The phone calls were made to the cellular telephones of Plaintiff and members of the Class without those numbers being provided to Defendant or any other entity connected to

Defendant by Plaintiff and members of the Class. The calls were made without the express consent of Plaintiff and the other members of the Class.

29. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class suffered actual damages in the form of monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

30. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephanie Speight, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above; appointing Plaintiff Stephanie Speight as the representative of the Class; and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited phone call activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

Dated: October 5, 2012                          Respectfully submitted,


                                                      /s/ Steven L. Woodrow
                                                       One of Plaintiff's Attorneys

STEVEN L. WOODROW #43140
swoodrow@edelson.com
MEGAN L. LINDSEY #43817
mlindsey@edelson.com
EDELSON MCGUIRE LLC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: 303.357.4878
Fax: 303.446.9111

RAFEY S. BALABANIAN
rbalabanian@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
CHRISTOPHER DORE (*Application for Admission to be Filed*)
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

STEFAN COLEMAN, ESQ.
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, PLLC
1072 Madison Avenue, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427

*Attorneys for Plaintiff and the Putative Class*