IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-2638-CMA-KMT

STEPHANIE SPEIGHT, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

BANKRATE, INC., a Delaware corporation,

    Defendant.

___

**SCHEDULING ORDER**
___

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Counsel for Plaintiff Stephanie Speight ("Plaintiff") and Defendant Bankrate, Inc. ("Defendant") held a telephonic scheduling conference on December 26, 2012. The following individuals participated:

| On behalf of Plaintiff: | On behalf of Defendant: |
|---|---|
| Benjamin H. Richman | Bryan A. Merryman |
| Edelson McGuire LLC | White & Case LLP |
| 350 North LaSalle Street, Suite 1300 | 633 West Fifth Street, Suite 1900 |
| Chicago, Illinois 60654 | Los Angeles, California 90071 |

### 2. STATEMENT OF JURISDICTION

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The Parties do not dispute the Court's jurisdiction.

1

### 3. STATEMENT OF CLAIMS AND DEFENSES

A.  Plaintiff's Statement:

Plaintiff's claims arise out of Defendant's practice of making unsolicited marketing calls to the cellular telephones of consumers nationwide. In her Class Action Complaint, Plaintiff alleges that Defendant made such calls despite the fact that neither she, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant for any marketing purpose, or provided consent to be called. Plaintiff further alleges that Defendant utilized an automatic telephone dialing system or "ATDS" (as that term is defined under the TCPA) to effectuate the calls. Based on these underlying facts, Plaintiff asserts claims on behalf of herself and the putative Class for Defendant's violations of the TCPA.

B.  Defendant's Statement:

Defendant is a leading publisher, aggregator and distributor of personal finance content on the Internet. One of its services allows consumers to request quotes on certain insurance products through websites. Each consumer who requests an insurance quote through a website provides certain information, including name, telephone number and consent to be contacted at that number by insurance companies or their agents to discuss insurance quotes. Here, Defendant called Plaintiff's telephone number based on information Defendant believed Plaintiff had submitted through one such website along with her consent to be called. Defendant did not violate the TCPA because it had prior express consent to call the number for the purpose of providing insurance quotes.

## 4. UNDISPUTED FACTS

In addition to certain admissions in Defendant's answer to the complaint, the Parties are discussing facts to which they may be able to stipulate based on Plaintiff's disclosure of her telephone number.

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages in the amount of $500 per each of Defendant's violations of the TCPA, or $1500 if the Court determines that Defendant's alleged conduct was willful. Plaintiff is currently unable to provide a precise calculation of damages but asserts that specific damage measures will be ascertainable through discovery of Defendant's internal records. Additionally, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone call activities, and an award of reasonable attorneys' fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

A. The Parties' Fed. R. Civ. P. 26(f) meeting was held on December 26, 2012.

B. The meeting was held between Plaintiff's attorney, Benjamin H. Richman of Edelson McGuire LLC, and Defendant's attorney, Bryan A. Merryman of White & Case LLP.

C. Rule 26(a)(1) disclosures will be exchanged on or before January 10, 2013.

D. The Parties propose no changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

E. Plaintiff has provided to Defendant the cellular telephone number that she alleges Defendant called in violation of the TCPA. Defendant is investigating Plaintiff's individual claims at issue here. Defendant has agreed to share information regarding any calls made by Defendant to Plaintiff's number.

  F. The Parties will attempt to reduce discovery and litigation costs, and have agreed to use a unified exhibit numbering system.

  G. The Parties anticipate that their claims and defenses may involve extensive discovery of electronic information, including the production of a significant number of documents maintained in electronic form. As a result, the Parties discussed and agreed to the following:

   (i) The Parties have taken steps to preserve relevant electronically stored information;

   (ii) The Parties have agreed to exchange a draft e-discovery protocol designed to facilitate the discovery of electronically stored information, and have agreed to work to finalize an appropriate protocol prior to the production of any electronic documents;

   (iii) The Parties have agreed, to the extent possible, to limit the costs of electronic discovery and avoid any unnecessary delay, as will be outlined in their anticipated e-discovery protocol;

   (iv) The Parties have agreed to work in good faith to avoid unnecessary disputes relating to electronic discovery, and further intend to agree on provisions in their e-discovery protocol designed to facilitate informal resolution of discovery disputes without resorting to intervention from the Court; and

   (v) The Parties have discussed issues of privilege and the protection of electronic records, and are currently negotiating a stipulated protective order that will address these issues in detail.

H.     The Parties briefly discussed the possibility of early resolution of this matter, but have not engaged in extensive settlement discussions. While the Parties remain open to resolving the case through settlement or alternative dispute resolution, they do not believe that a settlement is imminent at this time.

### 7.  CONSENT

The Parties respectfully decline to proceed before a Magistrate Judge for all matters, including trial.

### 8.  DISCOVERY LIMITATIONS

A.     The Parties do not propose any modifications to the number of depositions or interrogatories allowed by the Federal Rules. 25 interrogatories per side and 10 depositions per side, including experts.

B.     The Parties do not propose any modifications to the length of depositions. 7 hours.

C.     The Parties do not propose any modifications to the number of requests for production or requests for admission. 50 requests for admission per side and 50 request for documents per side.

D.     The Parties have no other proposed planning or discovery orders at this time.

### 9.  CASE PLAN AND SCHEDULE

A.     <u>Deadline for Joinder of Parties and Amendment of Pleadings, other than class certification issues</u>: May 1, 2013

B.     <u>Discovery Cut-Off</u>: The Parties propose that they complete discovery no later than October 4, 2013. Discovery of both class and merits issues will proceed simultaneously.

      C.     <u>Dispositive Motion Deadline</u>: The Parties propose that dispositive motions be filed no later than November 18, 2013.

      D.     <u>Expert Witness Disclosure</u>:

          1.     Anticipated Fields of Expert Testimony: While the Parties have not yet retained any experts in connection with this litigation, they may designate experts relating to (1) the appropriateness of class certification, (2) the technology utilized by Defendant to place the telephone calls at issue, and (3) other such matters related to class certification or the merits of the case.

          2.     The Parties do not propose any limits on the use or the number of expert witnesses, other than those limits proposed herein or in the Federal Rules.

          3.     Plaintiff shall disclose the name of any expert witness relating to issues of class certification and the subject matter of any opinion(s) that expert intends to render on or before May 22, 2013, and serve all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 12, 2013. The Parties shall designate all experts not relating solely to class certification issues, as well as provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before October 18, 2013.

          4.     Defendant shall disclose any expert witness relating to issues of class certification on or before July 19, 2013, and serve all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 2, 2013. The Parties shall designate all rebuttal experts not relating solely to class certification issues, as well as provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before November 8, 2013.

  E. <u>Deadline for Class Certification</u>: The Parties propose that the deadline for Plaintiff to move for class certification be June 12, 2013. Defendant's response shall be due no later than August 2, 2013, and Plaintiff's reply due no later than August 30, 2013.

  F. <u>Identification of Persons to be Deposed</u>: Defendant intends to depose Plaintiff and may need to depose third parties. Plaintiff intends to depose an appropriate 30(b)(6) designee(s) of Defendant, as well as any other officers or third parties identified through discovery.

  G. <u>Deadline for Interrogatories</u>: The Parties propose that all written interrogatories be served no later than September 4, 2013.

  H. <u>Deadline for Requests for Production of Documents and/or Admission</u>: The Parties propose that all requests for production or admission be served no later than September 4, 2013.

## 10. DATES FOR FURTHER CONFERENCES

  A. Status conferences will be held in this case at the following dates and times:

_____.

  B. A final pretrial conference will be held in this case on March 18, 2014 at 9:30 a.m. A final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  A. At this time, the Parties are not aware of any discovery or scheduling issues upon which they were unable to reach agreement.

  B. The Parties anticipate that a jury trial will require approximately 5-7 court days.

C. At this time, the Parties are not aware of any pretrial proceedings that may be more efficiently conducted in the District Court's other facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to the case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this 17th day of January, 2013.

BY THE COURT:

_____
Honorable Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| EDELSON MCGUIRE LLC | WHITE & CASE LLP |
|---|---|
| By: */s/ Benjamin H. Richman* <br> Benjamin H. Richman <br> brichman@edelson.com <br> 350 North LaSalle Street, Suite 1300 <br> Chicago, Illinois 60654 <br> Telephone: (312) 589-6377 <br> Facsimile:  (312) 589-6378 | By: */s/ Bryan A. Merryman* <br> Bryan A. Merryman <br> bmerryman@whitecase.com <br> 633 W. Fifth Street, Suite 1900 <br> Los Angeles, California  90071 <br> Telephone: (213) 620-7700 <br> Facsimile:  (213) 452-2329 |
| Attorney for Plaintiff <br> STEPHANIE SPEIGHT | Attorney for Defendant <br> BANKRATE, INC. |

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, an attorney, hereby certify that on January 10, 2013, I served the above and foregoing *[Proposed] Scheduling Order*, by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this the 10th day of January 2013.

                                                       /s/ Benjamin H. Richman