IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-2638-CMA-KMT

STEPHANIE SPEIGHT, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BANKRATE, INC., a Delaware corporation,

    Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**

---

Good cause appearing, and in conformance with the parties' agreement:

    IT IS HEREBY ORDERED that this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) be, and is hereby, entered.

1.    DEFINITIONS

    1.1    <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

    1.2    <u>Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among others, testimony, transcripts, or tangible things) that are produced, or generated in disclosures or responses to discovery in this action.

1.3     "Confidential" Information or Items: Information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party reasonably believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain trade secrets or other confidential research, development, or commercial information.

1.4     "Highly Confidential - Attorneys' Eyes Only" Information or Items: Highly sensitive "Confidential" information or items which relate to information maintained as trade secrets, proprietary technical, financial, marketing, strategic planning or other commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business, the disclosure of which the Designating Party reasonably believes in good faith may cause harm to its competitive position.

1.5     Receiving Party: A Party that receives Discovery Material from a Producing Party.

1.6     Producing Party: A Party or non-Party that produces Discovery Material in this action.

1.7     Designating Party: A Party or non-Party that designates Discovery Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

1.8     Protected Material: Any Discovery Material designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

1.9     Outside Counsel: Attorneys who are not employees of a Party, and who are

attorneys who work for a law firm that serves as counsel of record for a Party in this action.

   1.10 <u>Designated Employees</u>: Attorneys or other designated persons who are employees of a Party and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

   1.11 <u>Counsel (without qualifier)</u>: Outside Counsel and in-house counsel (as well as their support staff).

   1.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this action.

   1.13 <u>Professional Vendor</u>: A person or an entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, organizing, storing, retrieving data in any form or medium, *etc*.), and his/its employees and subcontractors.

   1.14 <u>Final Disposition</u>: The legal conclusion of this litigation proceeding, whether by final judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

2. <u>SCOPE</u>

   The protections conferred by this Stipulation and [Proposed] Protective Order cover Protected Material and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.   DESIGNATING PROTECTED MATERIAL

4.1   Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be designated clearly before the Protected Material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party must affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material.

A Party or non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential - Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential - Attorneys' Eyes Only") at the top of each page that contains Protected Material.

(b) For testimony given in a deposition or in other pretrial or trial proceedings, a Party or a non-Party must either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony or portions of the testimony shall be designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or (2) provide written notice to all Parties, within 10 days after receipt of the official transcript, that the testimony shall be designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The Parties shall treat the testimony as "Highly Confidential - Attorneys' Eyes Only" until the expiration of the 10-day period.

Transcript pages containing Protected Material must be marked with the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" as instructed by a Party or a non- Party.

(c) For information produced in some form other than documentary, and for any other tangible item, the Producing Party must affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

(d)     For information produced in electronic form on a computer readable medium (*e.g.*, CD-ROM), the Producing Party must affix in a prominent place on the storage medium on which the information is stored, and on any container(s) for such medium, the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

4.2     <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party or person in receipt of materials designated under this Order, on timely notification of the designation, must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within ten (10) days of the date of service of notice.

      5.3      Court Intervention.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle these disputes, then the Party challenging the designation may file a motion within thirty (30) days of the meet and confer date for a ruling from the Court on the continued application of the confidentiality designation of the information or item(s).  In all circumstances, the terms of this Order shall continue to apply to the information or item(s) until the Court rules on the motion.  In any such motion, the Designating Party bears the burden of proof to establish why the confidentiality designation should be maintained.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL

      6.1      Basic Principles.  A Receiving Party or a person in receipt of material designated under this Order may use Protected Material disclosed or produced by another Party or by a non-Party in connection with this action only for prosecuting, defending, appealing, or attempting to settle this dispute.  For the avoidance of doubt, a Receiving Party or a person in receipt of materials designated under this Order may not use Protected Material for any business, commercial, or competitive purpose, or during the course of any other action, litigation, or proceeding, whether or not factually related to this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

      Upon Final Disposition of the action, a Receiving Party or person in receipt of material designated under this Order must comply with the provisions of Section 10, below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party or a person in

receipt of material designated under this Order at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      6.2    <u>Disclosure of "Confidential" Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party or a person in receipt of Protected Material designated under this Order may disclose any information or item designated "Confidential" only to:

      (a)    the court and its personnel;

      (b)    Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation;

      (c)    employees of a Party to whom it is reasonably necessary to disclose the information for purposes of this litigation;

      (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (e)    court reporters and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

      (f)    Professional Vendors to whom disclosure is reasonably necessary for purposes of this litigation who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that all Protected Material is retrieved by the Party furnishing it upon completion of the services;

      (g)    members of focus groups and mock jurors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no mock jurors or

focus group participants be permitted to keep any Protected Material;

      (h)    a person having prior personal knowledge of the Protected Material (not involving a violation of this Protective Order), including an author, signatory, or prior recipient of the Protected Material; and

      (i)    any other person agreed to in writing by the Designating Party and any Receiving Party and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

    6.3    <u>Disclosure of "Highly Confidential - Attorneys' Eyes Only" Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party or a person in receipt of Protected Material designated under this Order may disclose any information or item designated "Highly Confidential - Attorneys' Eyes Only" only to:

      (a)    the court and its personnel;

      (b)    Receiving Party's Outside Counsel of record in this action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation;

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)    court reporters and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

      (e)    Professional Vendors to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that all Protected Material is retrieved by the Party furnishing it

upon completion of the services;

(f)     members of focus groups and mock jurors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no mock jurors or focus group participants be permitted to keep any Protected Material;

(g)     a person having prior personal knowledge of the Protected Material (not involving a violation of this Protective Order), including an author, signatory, or prior recipient of the Protected Material; and

(h)     any other person agreed to in writing by the Designating Party and any Receiving Party and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party or a person in receipt of Protected Material designated under this Order is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party or person in receipt of material designated under this Order must so notify the Designating Party promptly.  Such notification must include a copy of the subpoena or the court order.

The Receiving Party or person in receipt of Protected Material designated under this Order also must promptly inform the Party who caused the subpoena or order to issue in the other litigation that some or all of the Protected Material covered by the subpoena or order is the subject of this Order and also deliver a copy of this Order to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

10

this Protective Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party or a person in receipt of material designated under this Order learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party or person in receipt of Protected Material designated under this Order must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all terms of this Order, and (d) request such person(s) to execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

9. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

10. FINAL DISPOSITION

Even after Final Disposition of this action, the confidentiality obligations imposed by this

11

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after Final Disposition of this action, each Receiving Party or person in receipt of Protected Material designated under this Order must return to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming all Protected Material it received has been returned or destroyed and the Receiving Party, in addition to any individual to which the Receiving Party was entitled under this Order to disclose Protected Material, has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Order.

11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

Inadvertent production of any document a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or the attorney work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The Designating Party may request the return of any

Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a Party or a non-Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party or non-Party, such other Party shall immediately cease any review of such document(s) and within ten (10) business days return to the requesting Party or non-Party the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document. The Party returning such material may then move the Court for an order compelling production of the material, but that Party shall not assert as a ground for entering such an order the facts or circumstances of the inadvertent production.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Use of Party's Own Materials. Nothing in this Order shall restrict a Party's ability to use and disclose its own Protected Material as it chooses. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such Protected Material in violation of this Order.

12.3 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.4 Effective Pending Approval. The Parties agree pending entry by the Court, this

stipulated Protective Order shall be effective as if entered and, specifically, any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Protective Order had been entered by the Court.

    12.5    <u>Retained Jurisdiction</u>.  The Court shall retain jurisdiction to enforce this Order after Final Disposition, unless the Order is vacated.

    12.6    <u>Non-Parties</u>.  Non-Parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of the Order and designate documents, things or testimony as "Confidential," or "Highly Confidential - Attorneys' Eyes Only" in accordance with the provisions of this Order.

    12.7    <u>Modification</u>.  In the event any Party seeks to amend or vary the terms of this Order, said party shall make such request in the form of a written stipulation or motion.

IT IS SO ORDERED.

Dated:  April 17, 2013

_____
Kathleen M. Tafoya
United States Magistrate Judge

IT IS AGREED.

Dated:  April 15, 2013                        WHITE & CASE LLP

                                                                               By:    */s/Bryan A. Merryman*
                                                                                        Bryan A. Merryman
                                                                                         Attorneys for Defendant

LOSANGELES 989627

                                                                  Bankrate, Inc.

Dated:  April 15, 2013                              EDELSON MCGUIRE LLC

                                                         By:  */s/Benjamin H. Richman*
                                                              Benjamin H. Richman
                                                              Attorneys for Plaintiff
                                                              Stephanie Speight

## **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have reviewed the Stipulation and Protective Order ("Protective Order") entered in *Speight v. Bankrate, Inc.*, No. 1:12-CV-2638-CMA-KMT, in the United States District Court for the District of Colorado. I agree to comply with and to be bound by all of the terms of this Protective Order. I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner, nor take any action that would lead to the disclosure of, any information or material that is subject to this Protective Order to any person or entity, except in strict compliance with the provisions of this Protective Order. I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Address: _____

Present Employer:_____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Steven L. Woodrow
swoodrow@edelson.com
Megan L. Lindsey
mlindsey@edelson.com
Edelson & McGuire LLC
999 W. 18th St. #3000
Denver, CO  80202

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin J. Richman
brichman@edelson.com
Christopher Dore
cdore@edelson.com
Edelson & McGuire LLC
350 North LaSalle, 13th Floor
Chicago, IL  60654

Stefan Coleman
law@stefancoleman.com
1072 Madison Ave. #1
Lakewood, NJ  08701

                  */s/Rachel J Feldman*

LOSANGELES 989627