IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-02638-CMA-KMT

**STEPHANIE SPEIGHT**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**BANKRATE, INC**., a Delaware corporation,

    Defendant.

**MOTION FOR LEAVE TO FILE OVERSIZED REPLY BRIEF IN SUPPORT OF PLAINTIFF SPEIGHT'S MOTION FOR EXTENSION OF TIME TO DESIGNATE CLASS CERTIFICATION EXPERTS AND FILE PAPERS RELATED TO CLASS CERTIFICATION (DKT. 44)**

    Plaintiff Stephanie Speight ("Plaintiff"), by her counsel, respectfully moves this Court to grant Plaintiff leave to file an oversized Reply brief of up to thirteen (13) pages in support of her Motion for Extension of Time to Designate Class Certification Experts and File Papers Related to Class Certification ("Motion for Extension of Time") (Dkt. 44.). In support of this Motion, Plaintiff respectfully states as follows:

    1.    This putative class action challenges Defendant Bankrate, Inc.'s ("Bankrate") calling of consumers without their permission.

    2.    On August 5, 2013, Plaintiff filed a Motion for Extension of Time requesting that the Court grant her additional time to designate class experts and file her motion for class certification. (Dkt. 44.) In her Motion, Plaintiff provided extensive detail regarding the discovery that had been completed as of that date, issues that had

arisen with regard to discovery, discovery that remained outstanding and the status of such discovery, and reasons such discovery must be completed prior to designating class certification experts and moving for class certification.

3. On August 19, 2013, Bankrate filed a 15-page Opposition to Plaintiff's Motion for Extension of Time. (Dkt. 52.) In its Opposition, Bankrate raised factually-intensive and complex matters regarding previous extension of time in this case and the good-faith standard for requesting additional time. Bankrate further attaches a "Timeline" and extensive exhibits that essentially have provided it with a *de facto* enlargement of its brief.

4. Furthermore, since the filing of Plaintiff's Motion for Extension of Time, several discovery-related matters have come to light that implicate Plaintiff's Motion for Extension of Time. For example, on August 6, 2013, Plaintiff sent an email asking Bankrate to provide materials discussed during the recently-completed depositions, including the data that Bankrate has for the Inadco leads and the specific databases where the information was being stored and their related fields and schema. After multiple back-and-forth communications, Bankrate confirmed that they would not produce this information, thus requiring Plaintiff to file a Second Motion to Compel Discovery Answers. (*See* Dkt. 54.)

5. In addition to the information obtained via the depositions of Bankrate witnesses, Plaintiff's counsel has been in contact with Brian Benenhaley, representative for third party SubscriberBase, and SubscriberBase has produced documents describing how SubscriberBase was obtaining the quotes that Inadco sold to Bankrate.

6.	Plaintiff has also served subpoenas on SuperLeads.com LLC and United Quotes, Inc., along with Christaan Van Der Put, whose name appears on lead purchase orders between United Quotes and SubscriberBASE. Plaintiff is currently working to schedule Mr. Van Der Put's deposition. In short, Plaintiff has meaningful new facts that need to be included in her Reply brief so as to keep the Court fully apprised of the status of discovery and outstanding matters.

7.	The recent developments in discovery and factually-intensive arguments in Bankrate's Opposition to Plaintiff's Motion for Extension of Time, and its exhibits, need to be addressed in her Reply brief. To do so, Plaintiff requires up to thirteen (13) pages, exceeding the limitation imposed by Judge Arguello's Civil Practice Standards by three (3) pages.

8.	On August 22, 2013, Plaintiff's counsel sent an email to defense counsel asking whether Bankrate would oppose the filing of this Motion. Defense counsel did not respond to Plaintiff's email.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order allowing Plaintiff to file an oversized Reply brief of up to thirteen (13) pages in support of her Motion for Extension of Time.

Dated: August 23, 2013	Respectfully submitted,
	STEPHANIE SPEIGHT

	/s/ Steven L. Woodrow
	One of her attorneys

	Steven L. Woodrow (No. 43140)
	Megan Lindsey (No. 43817)
	EDELSON LLC

3

        999 West 18th Street, Suite 3000
        Denver, Colorado 80202
        Telephone: 303.357.4878
        Fax: 303.446.9111
        swoodrow@edelson.com
        mlindsey@edelson.com

        Benjamin H. Richman
        EDELSON LLC
        350 North LaSalle Street, Suite 1300
        Chicago, IL 60654
        Telephone: 312.589.6370
        brichman@edelson.com

        Stefan L. Coleman
        LAW OFFICES OF STEFAN COLEMAN, PLLC
        1072 Madison Avenue, Suite 1
        Lakewood, NJ 08701
        Telephone: (877) 333-9427
        law@stefancoleman.com

        *Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I, Steven L. Woodrow, an attorney, hereby certify that on August 23, 2013, I served the above and foregoing ***Motion for Leave to File Oversized Reply Brief in Support of Plaintiff Speight's Motion for Extension of Time to Designate Class Certification Experts and File Papers Related to Class Certification (Dkt. 44)*** by causing a true and accurate copy of such paper to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                  /s/ Steven L. Woodrow