**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02638-CMA-KMT

STEPHANIE SPEIGHT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BANKRATE, INC., a Delaware corporation,

    Defendant.

---

**ORDER DENYING MOTION TO SEAL**

---

This matter is before the Court on Plaintiff Stephanie Speight's Motion to Partially Restrict Public Access To Her Motion for Class Certification (Doc. # 2). For the following reasons, Defendant's motion is denied.

"All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.) (internal citations and quotation marks omitted), *cert. denied sub nom.*, *Hopkinson v. United States,* 474 U.S. 1022 (1985); *see also* D.C.Colo.L.CivR. 7.2.

At the same time, there is a presumption against restricting access to court documents, especially when they determine a litigant's substantive legal rights. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) ("The party seeking to overcome the presumption [of access to court documents] bears the burden of showing

some significant interest that outweighs the presumption." (citation and internal quotations omitted)); *Lanphere & Urbaniak v. State of Colo.*, 21 F.3d 1508, 1511 (10th Cir. 1994) ("[The right of access to court documents] is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." (internal quotation marks omitted)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); 8A Wright Alan Wright et al., Fed. Prac. & Proc. Civ. § 2042 (3d ed., Apr. 2013 update) ("One of the reasons for authorizing broad trial court latitude in restricting dissemination of material garnered through discovery is that the scope of discovery is very broad, often including topics having little bearing on the lawsuit. But when some of those materials are relied upon in a judicial decision, or form the basis for it, the justifications for public access on both First Amendment and common–law grounds increase." (footnotes omitted)).

Here, Ms. Speight requests that this Court seal "her entire Motion for Class Certification" and a number of exhibits referenced in the Motion. (Doc. 87, at 2) She argues that sealing these records is necessary because: (1) the records have been marked as "confidential" by Defendant Bankrate and were produced in discovery subject to a protective order that prohibits publication of such "confidential" materials; (2) Bankrate and other businesses have an "interest in maintaining the confidentiality of . . . sensitive information that is subject to the Protective Order," and (3) there is no

practical alternative to such restricted access.  (*Id.*)  Ms. Speight cites no legal authority in support of her position.

This Court has conducted a preliminary review of the Motion for Class Certification and a number of the sealed exhibits and concludes that Ms. Speight has not met her burden of overcoming the strong presumption in favor of public access to these records, which will be used to determine legal rights important to the ultimate resolution of this case.

In particular, this Court notes that several of the exhibits currently under seal appear to be publicly available or contain information previously divulged to the public through separate unsealed filings and hearings in this case.  Similarly, it is unclear how many of the records that Ms. Speight seeks to place under seal would fit the definition of "Confidential" contemplated by the Protective Order (Doc. # 31) or how the materials currently under seal include "sensitive" information that would harm Bankrate or third parties if they were made public.

Finally, it is unclear to this Court how a more limited motion to seal—which encompasses both fewer records and only a portion of the Motion to Certify—would not present a practical alternative to Ms. Speight's broad request.  For example, even if either party makes a showing that information contained in exhibits submitted with the Motion to Certify truly must be restricted from public access, it is unclear to this Court

why such information could not be redacted in a publicly filed Motion to Certify and referenced in full in a sealed motion.[1]

Accordingly, for the reasons stated above, it is ORDERED that Motion to Partially Restrict Public Access to Her Motion for Class Certification (Doc. #86) is DENIED. The file shall remain filed under restriction for 7 days from the date of this Order, after which time the filing restriction shall be removed **unless** Ms. Speight files a motion to withdraw her motion to certify or Bankrate files a Motion to Seal that complies with case law and D.C.Colo.L.CivR. 7.2. The Parties are encouraged to confer with one another in an effort to resolve this matter in the most efficient manner.

DATED: October  24 , 2013

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] To be clear, the Court makes no findings or conclusions on whether any part of the motion or exhibits should be sealed, in light of what the Court considers to be an overly broad motion to seal.